No. 985. **Roe** v. **Harrison.** November Term, 1880. See this case in 9 *S. C.* 279. Action by Roe, a judgment creditor of Thomas Harrison, to set aside a confession of judgment of prior date, given by Thomas to his son, William Harrison. Both Thomas and William were dead, and the action is against the administrators, respectively. Verdict for plaintiff. Defendants appealed to this court upon exceptions to the judge's charge. In this court, Mary Harrison, administratrix of William, raised in argument the point that, having been discharged as administratrix before action brought, that the action could not be maintained. *Held*—

1. That in the absence of all information in the brief as to the nature of the judgment, if any, against Mary, this court would not disturb such judgment, or dismiss the action generally, although, possibly, she was free from suit.

2. That the Circuit judge properly refused to charge that a debtor had a legal right to prefer one creditor to another, and that if Thomas was indebted to William, and gave William a confession of judgment for the purpose of securing him in advance of Roe, he had a right to do so, and it is valid, unless the jury find, by a preponderance of testimony, that the note of Thomas to William was without consideration.

3. The jury were correctly charged: If you find that T. E. Harrison owed W. H. Harrison the note on which the judgment is confessed, you will then go one step further and inquire

2 R

whether the confession of judgment, made by Thomas to William, was made to secure William or to defeat, hinder and delay Roe. If it was given to defeat, hinder and delay Roe, your verdict should be for the plaintiff.

4. The administrator of Thomas, being a party defendant, the court could not be called upon, by order, to make the heirs-at-law of Thomas parties defendant; certainly it was not proper to instruct the jury that they were proper parties, even if plaintiff had agreed to relinquish to the estate the interest on the debt. OPINION by SIMPSON, C. J., March 8th, 1881.